# EXHIBIT "1"

1   **SUMM**
    **RAMZY P. LADAH**
2   Nevada Bar No. 11405
    **JOSEPH C. CHU**
3   Nevada Bar No. 11082
    **LADAH LAW FIRM**
4   517 S. Third Street
    Las Vegas, NV 89101
5   litigation@ladahlaw.com
    T: 702.252.0055
6   F: 702.248.0055
    *Attorneys for Plaintiff*
7

8                           **DISTRICT COURT**

9                      **CLARK COUNTY, NEVADA**

10  DAMON DUPREE MILLER,
                                          CASE NO. _A-21-829127-C_
11              Plaintiff,
                                          DEPT. NO. _____
12          vs.

13  99 CENTS ONLY STORES, LLC; DOE        **SUMMONS-CIVIL**
    EMPLOYEES I through XXX, inclusive; and
14  DOE MAINTENANCE/CUSTODIAL
    COMPANIES I through XXX, inclusive,
15
                Defendants.
16

17          **NOTICE!  YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST**

18  **YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.**

19  **READ THE INFORMATION BELOW.**

20  TO DEFENDANT:

21                      **99 CENTS ONLY STORES, LLC**

22          A civil Complaint has been filed by the Plaintiff against you for the relief set forth in the

23  Complaint.

24          1.      If you intend to defend this lawsuit, within 30 days after this Summons is served

25  on you, exclusive of the day of service, you must do the following:

26          (a)     File with the Clerk of this Court, a formal written response to the Complaint in

27  accordance with the rules of the Court. A $30.00 filing fee is required.

28

    200280

1    (b)    Serve a copy of your response upon the attorney whose name and address is

2    shown below.

3    2.    Unless you respond, your default will be entered upon application of the Plaintiff

4    and failure to so respond will result in a judgment of default against you for the relief demanded

5    in the Complaint, which could result in the taking of money or property or other relief requested

6    in the Complaint.

7    3.    If you intend to seek the advice of an attorney in this matter, you should do so

8    promptly so that your response may be filed on time.

9    4.    The State of Nevada, its political subdivisions, agencies, officers, employees,

10   board members, commission members and legislators each have 45 days after service of this

11   Summons within which to file an Answer or other responsive pleading to the Complaint.

12                                          **CLERK OF THE COURT**

13                                          2/9/2021

14                                          Deputy Clerk                          Date

15   Respectfully submitted by:

                                            Demond Palmer

16   **LADAH LAW FIRM**

17   /s/ Ramzy Ladah, Esq.

18   **RAMZY PAUL LADAH, ESQ.**
     Nevada Bar No. 11405
19   517 S. Third Street
     Las Vegas, NV 89101
20   Attorneys for Plaintiff

21

22

23

24

25

26

27

28

                                            2

Electronically Filed
2/9/2021 11:32 AM
Steven D. Grierson
CLERK OF THE COURT

1  COMP
   **RAMZY P. LADAH**
2  Nevada Bar No. 11405
   **JOSEPH C. CHU**
3  Nevada Bar No. 11082
   **LADAH LAW FIRM**
4  517 S. Third Street
   Las Vegas, NV 89101
5  litigation@ladahlaw.com
   T: 702.252.0055
6  F: 702.248.0055
   *Attorneys for Plaintiff*
7

**CASE NO: A-21-829127-C**
**Department 21**

8                **DISTRICT COURT**

9            **CLARK COUNTY, NEVADA**

10  DAMON DUPREE MILLER,

11                Plaintiff,

12       vs.

13  99 CENTS ONLY STORES, LLC; DOE
    EMPLOYEES I through XXX, inclusive; and
14  DOE MAINTENANCE/CUSTODIAL
    COMPANIES I through XXX, inclusive,
15
                Defendants.
16

CASE NO. _____

DEPT. NO. _____

**COMPLAINT**

17       Plaintiff, DAMON DUPREE MILLER ("Plaintiff"), by and through his undersigned

18  counsel of record, for his claims of relief against the above-named Defendants, and each of them,

19  alleges and complains on information and belief as follows:

20                    **JURISDICTION**

21       11.   At all times relevant hereto, Plaintiff was and still is a resident of the County of

22  Clark, State of Nevada.

23       12.   At all times relevant hereto, Defendant 99 CENTS ONLY STORES, LLC ("99

24  Cents Only") was and is a foreign limited-liability company, doing business in the County of

25  Clark, State of Nevada.

26       13.   At all times relevant hereto, Defendants designated as DOE EMPLOYEES I

27  through XXX and ROE MAINTENANCE/CUSTODIAL COMPANIES I through XXX, in their

28  true capacities, whether individual, corporate, associate or otherwise of the Defendants named

200280

1  herein, are unknown to Plaintiff who, therefore, sues said Defendants by fictitious names.

2  Plaintiff is informed, believes and thereon alleges that each of the Defendants designated as a

3  DOE EMPLOYEES I through XXX and ROE MAINTENANCE/CUSTODIAL COMPANIES I

4  through XXX were employed by and/or provided services for 99 Cents Only Store #117, and

5  thus are responsible in some manner for the events and happenings referred to herein, and caused

6  damages proximately to Plaintiff as herein alleged.  If necessary, Plaintiff will seek leave of

7  Court to amend this Complaint to insert the true names and capacities of DOE EMPLOYEES I

8  through XXX and ROE MAINTENANCE/CUSTODIAL COMPANIES I through XXX when

9  this information has been ascertained, so as to join all properly-named Defendants in this action.

10      14.    Defendants 99 Cents Only, DOE EMPLOYEES I through XXX and ROE

11  MAINTENANCE/CUSTODIAL COMPANIES I through XXX shall hereinafter be collectively

12  referred to as "Defendants".

13                          **GENERAL ALLEGATIONS**

14      15.    Plaintiff repeats and realleges each and every fact and allegation contained in this

15  Complaint and incorporates the same herein by reference.

16      16.    At all times relevant hereto, particularly on or about May 6, 2020, Defendants,

17  and each of them, owned, managed, operated, controlled and/or in some other manner were in

18  charge of 99 Cents Only Store #117, located at 1435 W. Craig Road, Suite 3, in North Las

19  Vegas, Nevada (the "subject premises").

20      17.    At all times relevant hereto, Defendants were the agents, servants, and employees

21  of each and every other Defendant referenced herein, and were acting within the course and

22  scope of said employment and agency at the time of the subject incident.

23      18.    At all times relevant hereto, Defendants were the owners, operators, managers,

24  inspectors, supervisors and controllers of the subject premises, and of the common areas of the

25  subject premises.

26      19.    At all times relevant hereto, Plaintiff was an invitee and guest of Defendants and

27  was legally upon the subject premises.

28

LADAH LAW
FIRM

2

10. At all times relevant hereto, particularly on or about May 6, 2020, Plaintiff, who was a business invitee at the subject premises, was walking upon the public walkways of the subject premises when he unknowingly came upon a foreign liquid substance on the premises' floor, causing him to slip and fall to the ground and sustain serious bodily injuries.

11. Plaintiff's injuries are a direct and proximate result of Defendants' negligent actions and/or omissions, including Defendants' negligent maintenance, inspection and/or repair of the subject premises.

12. The foreign liquid substance on the floor of the subject premises, upon which Plaintiff slipped and fell, constituted a dangerous and/or hazardous condition.

13. At all times relevant hereto, Defendants and their employee(s) failed to erect the proper warning signs to indicate the presence of a dangerous and/or hazardous condition on the floor of the subject premises.

14. The dangerous and/or hazardous condition upon which Plaintiff slipped and fell was a danger or hazard that Defendants knew about, or reasonably should have known about based on, *inter alia*, the nature and characteristics of the liquid substance, the location of the liquid substance, and the amount of time the liquid substance had been present on the subject premises' floor.

### FIRST CAUSE OF ACTION
#### (Negligence)

15. Plaintiff repeats and realleges each and every fact and allegation contained in this Complaint and incorporates the same herein by reference.

16. At all times relevant hereto, Defendants, and each of them, were in control of the subject premises and had a duty to properly and safely maintain and inspect the subject premises to ensure the care, safety and protection of persons present on the subject premises, including Plaintiff.

17. At all times relevant hereto, Defendants, and each of them, negligently and recklessly maintained and inspected the subject premises by failing to adequately inspect,

3

1  maintain, and keep clear the public walkways of the subject premises, presenting a danger to

2  unsuspecting patrons, including Plaintiff.

3      18.    At all times relevant hereto, Defendants, and each of them, and/or their agents,

4  employees and servants had notice, actual or constructive, of the dangerous or hazardous

5  condition on the subject premises' floor, and therefore had knowledge of, or reasonably should

6  have had knowledge of, the existence of the dangerous or hazardous condition and Defendants

7  failed to remedy said condition or otherwise take action to make it safe or to notify patrons of the

8  presence of the same.

9      19.    At all times relevant hereto, Defendants, and each of them, and/or their agents,

10  employees and servants, breached the duty of care owed to Plaintiff by negligently maintaining

11  and/or inspecting the subject premises and further, by failing to warn Plaintiff of the presence of

12  the dangerous and hazardous foreign substance on the walkway of the subject premises.

13      20.    As a result of Defendants' aforesaid negligent actions and/or failures to act,

14  Plaintiff was injured in his health, strength and activity, sustaining shock and injury to his body

15  and person, all of which have caused, and will continue to cause, Plaintiff to suffer physical and

16  mental pain and suffering.

17      21.    As a result of Defendants' aforesaid negligent actions and/or failures to act,

18  Plaintiff has incurred expenses for medical care and treatment, expenses incidental thereto, all to

19  Plaintiff's damage, the present amount of which is unknown but is currently in excess of

20  $15,000.00.  Such expenses and losses will continue to mount in the future, all to Plaintiff's

21  damage in a presently unascertainable amount.  In this regard, Plaintiff will pray for leave of

22  Court to insert all said damages herein when the same have been fully ascertained.

23      22.    As a result of Defendants' aforesaid negligent actions and/or failures to act, it has

24  been necessary for Plaintiff to retain legal counsel to prosecute this action, and Plaintiff is

25  therefore entitled to recover reasonable attorneys' fees and costs.

26  . . .

27  . . .

28  . . .

4

## SECOND CAUSE OF ACTION
### (Negligent Hiring, Training, Supervision and Policies/Procedures)

23.     Plaintiff repeats and realleges each and every fact and allegation contained in this Complaint and incorporates the same herein by reference.

24.     Defendants, and each of them, acted negligently in failing to do, *inter alia*, the following:

i.      Establish and implement property policies and procedures for maintenance, repair, inspection and/or upkeep of the subject premises;

ii.     Establish and implement property policies and procedures for warning patrons of dangerous and/or potentially dangerous or hazardous conditions;

iii.    Properly, responsibly and prudently hire capable employees;

iv.     Properly, responsibly and prudently investigate employees before the time of hire;

v.      Properly, responsibly and prudently supervise, manage and/or oversee employees after the time of hire;

vi.     Properly, responsibly and prudently train employees and/or instruct them as to their necessary duties;

vii.    Properly, responsibly and prudently delegate maintenance and/or inspection responsibilities to DOE Employees and ROE Maintenance/Custodial Entities; and

viii.   Properly, responsibly and prudently set up and enforce mechanisms to ensure all areas of the subject premises are kept in reasonably safe condition.

25.     As a result of Defendants' aforesaid negligent actions and/or failures to act, Plaintiff was injured in his health, strength and activity, sustaining shock and injury to his body and person, all of which have caused, and will continue to cause, Plaintiff physical and mental pain and suffering.

26.     As a result of Defendants' aforesaid negligent actions and/or failures to act, Plaintiff has incurred expenses for medical care and treatment, expenses incidental thereto, all to Plaintiff's damage, the present amount of which is unknown but is currently in excess of $15,000.00. Such expenses and losses will continue to mount in the future, all to Plaintiff's

1  damage in a presently unascertainable amount.  In this regard, Plaintiff will pray for leave of

2  Court to insert all said damages herein when the same have been fully ascertained.

3       27.    As a result of Defendants' aforesaid negligent actions and/or failures to act, it has

4  been necessary for Plaintiff to retain legal counsel to prosecute this action, and Plaintiff is

5  therefore entitled to recover reasonable attorneys' fees and costs.

6       WHEREFORE, Plaintiff prays for judgment against the above-named Defendants, and

7  each of them, as follows:

8       1.    For general damages and loss in an amount in excess of $15,000.00;

9       2.    For special damages in an amount to be determined at the time of trial;

10      3.    For judgment interest, reasonable attorneys' fees, and incurred costs; and

11      4.    For such other and further relief as the Court may deem just and proper.

12      DATED this 9th day of February, 2021.

13                                 **LADAH LAW FIRM**

14                                 */s/ Ramzy Ladah, Esq.*

15                                 **RAMZY P. LADAH**
                                 Nevada Bar No. 11405

16                                 **JOSEPH C. CHU**
                                 Nevada Bar No. 11082

17                                 517 S. Third Street

18                                 Las Vegas, NV 89101
                                *Attorneys for Plaintiff*

19

20

21

22

23

24

25

26

27

28



6

Electronically Filed
2/12/2021 4:23 PM
Steven D. Grierson
CLERK OF THE COURT

1  **ANS**
   **LEW BRANDON, JR., ESQ.**
2  Nevada Bar No.: 5880
   **ANDREW GUZIK, ESQ.**
3  Nevada Bar No. 12758
   **HOMERO GONZALEZ, ESQ.**
4  Nevada Bar No. 15231
   **BRANDON | SMERBER LAW FIRM**
5  139 East Warm Springs
   Las Vegas, Nevada 89119
6  (702) 380-0007
   (702) 380-2964 – *facsimile*
7  *l.brandon@bsnv.law*
   *a.guzik@bsnv.law*
8  *h.gonzalez@bsnv.law*
   *Attorneys for Defendant,*
9  *99 CENTS ONLY STORES LLC*

10

11

12                    **DISTRICT COURT**
                      **CLARK COUNTY, NEVADA**

13  DAMON DUPREE MILLER,

14          Plaintiff,

15                                          CASE NO.:  A-21-829127-C
                                            DEPT. NO.: 21
16  v.

17  99 CENTS ONLY STORES, LLC; DOE
    EMPLOYEES I through XXX, inclusive; and
18  DOE MAINTENANCE/CUSTODIAL
    COMPANIES I through XXX, inclusive,
19
20          Defendants.

21          **DEFENDANT, 99 CENTS ONLY STORES LLC'S**
            **ANSWER TO PLAINTIFF'S COMPLAINT**
22

23          COMES NOW, Defendant, 99 CENTS ONLY STORES LLC., by and through its

24  attorneys, LEW BRANDON, JR., ESQ., ANDREW GUZIK, ESQ., and HOMERO GONZALEZ,

25  ESQ., of BRANDON | SMERBER LAW FIRM, and hereby answers Plaintiff's Complaint on file

26  herein as follows:

27

28

11. Answering Paragraphs 11, 13 and 14 of Plaintiff's Complaint on file herein, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the said allegations and therefore denies same.

12. Answering Paragraph 12 of Plaintiff's Complaint on file herein, Defendant admits the allegations contained therein.

## GENERAL ALLEGATIONS

13. Answering Paragraph 15 of Plaintiff's Complaint on file herein, Defendant repeats and realleges each and every allegation contained in Paragraphs 1 through 14 as though fully set forth herein.

14. Answering Paragraphs 16, 17, 18, 19, 10 (sic), 12 (sic), 13 (sic) and 14 (sic) of Plaintiff's Complaint on file herein, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the said allegations and therefore denies same.

15. Answering Paragraph 11 (sic) of Plaintiff's Complaint on file herein, Defendant denies each and every allegation contained therein.

## FIRST CAUSE OF ACTION
### (Negligence)

16. Answering Paragraph 15 of Plaintiff's Complaint on file herein, Defendant repeats and realleges each and every allegation contained in Paragraphs 1 through 14 as though fully set forth herein.

17. Answering Paragraphs 16 and 18 of Plaintiff's Complaint on file herein, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the said allegations and therefore denies same.

18. Answering Paragraphs 17, 20, 21 and 22 of Plaintiff's Complaint on file herein, Defendant denies each and every allegation contained therein.  Answering Paragraph 19 of

BRANDON | SMERBER
LAW FIRM

139 E. WARM SPRINGS RD.
LAS VEGAS, NEVADA 89119
T. 702.380.0007 | F. 702.380.2964

Plaintiff's Complaint on file herein, "At all times relevant hereto, Defendants, and each of them, and/or their agents, employees and servants, breached the duty of care owed to Plaintiff by negligently maintaining and/or inspecting the subject premises and further", Defendant denies each and every allegation contained therein. As to "by failing to warn Plaintiff of the presence of the dangerous and hazardous foreign substance on the walkway of the subject premises", Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the said allegations and therefore denies same.

## SECOND CAUSE OF ACTION
### (Negligent Hiring, Training, Supervision and Policies/Procedures)

18.     Answering Paragraph 23 of Plaintiff's Complaint on file herein, Defendant repeats and realleges each and every allegation contained in Paragraphs 1 through 22 as though fully set forth herein.

19.     Answering Paragraphs 24 (subsections i, ii, iii, iv, v, vi, vii, viii), 25, 26 and 27 of Plaintiff's Complaint on file herein, Defendant denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant alleges that at the time and place alleged in Plaintiff's Complaint, Plaintiff did not exercise ordinary care, caution or prudence for the protection of herself and any damages complained of by the Plaintiff in his Complaint, were directly or proximately caused or contributed to by the fault, failure to act, carelessness and negligence of Plaintiff.

**THIRD AFFIRMATIVE DEFENSE**

Defendant alleges that the Plaintiff assumed whatever risk or hazard existed at the time of this incident, if any there were, and was therefore responsible for the alleged damage suffered and further that the Plaintiff was guilty of negligence of her own acts which caused or contributed to by the fault, failure to act, carelessness or negligence of Plaintiff.

**FOURTH AFFIRMATIVE DEFENSE**

All the risks and dangers involved in the factual situation described in Plaintiff's Complaint, if any there were, were open, obvious and known to the Plaintiff and by reason thereof, Plaintiff assumed the risks and dangers inherent thereto.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant alleges that the negligence of the Plaintiff exceeded that of the Defendant, and that the Plaintiff is thereby barred from recovery.

**SIXTH AFFIRMATIVE DEFENSE**

Pursuant to NRCP 11, as amended:  All possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendant's Answer, and therefore, Defendant reserves the right to amend this Answer to allege additional affirmative defenses if subsequent investigation warrants.

**SEVENTH AFFIRMATIVE DEFENSE**

The damages sustained by Plaintiff, if any, were caused by the acts of third persons who were not agents, servants or employees of this answering Defendant and who were not acting on behalf of this answering Defendant in any manner or form and as such, this Defendant is not liable in any matter to the Plaintiff.

///

BRANDON | SMERBER
LAW FIRM
139 E. WARM SPRINGS RD.
LAS VEGAS, NEVADA 89119
T. 702.380.0007 | F. 702.380.2964

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant at all times relevant to the allegations contained in Plaintiff's Complaint, acted with due care and circumspection in the performance of any and all duties imposed on it.

**NINTH AFFIRMATIVE DEFENSE**

That it has been necessary of the Defendant to employ the services of an attorney to defend the action and a reasonable sum should be allowed Defendant for attorney's fees, together with costs of suit incurred herein.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate his alleged damages, and, to the extent of such failure to mitigate any damages awarded to Plaintiff, should be reduced accordingly.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by applicable statutes of limitations.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendant objects as to authentication, foundation and genuineness of all of Plaintiff's medical providers and documents listed or presented by Plaintiff.

WHEREFORE, Defendant, 99 CENTS ONLY STORES LLC., prays as follows:

1. That Plaintiff take nothing by way of his Complaint on file herein;

2. For reasonable attorney's fees and costs of suit incurred herein; and

///

///

///

///

///

BRANDON | SMERBER
LAW FIRM
139 E. WARM SPRINGS RD.
LAS VEGAS, NEVADA 89119
T. 702.380.0007 | F. 702.380.2964

3. For such other and further relief as the Court may deem just and proper in the premises.

DATED this 12th day of February, 2021.

**BRANDON | SMERBER LAW FIRM**

*/s/ Lew Brandon, Jr., Esq.*
**LEW BRANDON, JR., ESQ.**
Nevada Bar No. 5880
**ANDREW GUZIK, ESQ.**
Nevada Bar No. 12758
**HOMERO GONZALEZ, ESQ.**
Nevada Bar No. 15231
139 E. Warm Springs Road
Las Vegas, Nevada 89119
(702) 384-8424
(702) 384-6568 - *facsimile*
*Attorneys for Defendant,*
*99 CENTS ONLY STORES LLC*

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I hereby certify that on February 12, 2021, I served the foregoing

**DEFENDANT, 99 CENTS ONLY STORES, LLC'S ANSWER TO PLAINTIFF'S**

**COMPLAINT** through the Court's ECF electronic filing system, upon the following:

**RAMZY P. LADAH, ESQ.**
Nevada Bar No. 11405
**JOSEPH C. CHU, ESQ.**
Nevada Bar No. 11082
**LADAH LAW FIRM**
517 S. Third Street
Las Vegas, Nevada 89101
(702) 252-0055
(702) 248-0055 / Facsimile
*litigation@ladahlaw.com*
*Attorneys for Plaintiff,*
*DAMON DUPREE MILLER*

*/s/ Bonita Alexander*
An Employee of **BRANDON | SMERBER LAW FIRM**

Electronically Filed
2/12/2021 4:26 PM
Steven D. Grierson
CLERK OF THE COURT

1   **IAFD**
**LEW BRANDON, JR., ESQ.**
2   Nevada Bar No.: 5880
**ANDREW GUZIK, ESQ.**
3   Nevada Bar No. 12758
**HOMERO GONZALEZ, ESQ.**
4   Nevada Bar No. 15231
**BRANDON | SMERBER LAW FIRM**
5   139 East Warm Springs
Las Vegas, Nevada 89119
6   (702) 380-0007
(702) 380-2964 – *facsimile*
7   *l.brandon@bsnv.law*
*a.guzik@bsnv.law*
8   *h.gonzalez@bsnv.law*
*Attorneys for Defendant,*
9   *99 CENTS ONLY STORES LLC*

10

11

12                          **DISTRICT COURT**
                       **CLARK COUNTY, NEVADA**
13

14   DAMON DUPREE MILLER,

15           Plaintiff,                         CASE NO.:  A-21-829127-C
                                                DEPT. NO.: 21
16   v.

17   99 CENTS ONLY STORES, LLC; DOE
     EMPLOYEES I through XXX, inclusive; and
18   DOE MAINTENANCE/CUSTODIAL
     COMPANIES I through XXX, inclusive,
19

20           Defendants.

21                  **INITIAL APPEARANCE FEE DISCLOSURE**
                            **(NRS CHAPTER 19)**
22

23           Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted

24   for parties appearing in the above-entitled action as indicated below:

25           Defendant 99 CENTS ONLY STORES, LLC…………………………..   $223.00

26   ///

27   ///

28

**TOTAL REMITTED.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **$223.00**

DATED this 12th day of February, 2021.

**BRANDON | SMERBER LAW FIRM**

*/s/ Lew Brandon, Jr., Esq.*
**LEW BRANDON, JR., ESQ.**
Nevada Bar No. 5880
**ANDREW GUZIK, ESQ.**
Nevada Bar No. 12758
**HOMERO GONZALEZ, ESQ.**
Nevada Bar No. 15231
139 East Warm Springs Road
Las Vegas, Nevada 89119
*Attorneys for Defendant,*
*99 CENTS ONLY STORES, LLC*

**CERTIFICATE OF SERVICE**

Pursuant to Nev. R. Civ. P. 5(b), I certify that on February 12, 2021, I served a true and correct copy of the foregoing **INITIAL APPEARANCE FEE DISCLOSURE (NRS CHAPTER 19)** through the Court's ECF electronic filing system, upon the following:

**RAMZY P. LADAH, ESQ.**
Nevada Bar No. 11405
**JOSEPH C. CHU, ESQ.**
Nevada Bar No. 11082
**LADAH LAW FIRM**
517 S. Third Street
Las Vegas, Nevada 89101
(702) 252-0055
(702) 248-0055 / Facsimile
*litigation@ladahlaw.com*
*Attorneys for Plaintiff,*
*DAMON DUPREE MILLER*

*/s/ Bonita Alexander*
An Employee of BRANDON | SMERBER LAW FIRM

139 E. WARM SPRINGS RD.
LAS VEGAS, NEVADA 89119
T. 702.380.0007 | F. 702.380.2964

BRANDON | SMERBER
LAW FIRM

Electronically Filed
2/12/2021 4:27 PM
Steven D. Grierson
CLERK OF THE COURT

1   DMJT
    **LEW BRANDON, JR., ESQ.**
2   Nevada Bar No.: 5880
    **ANDREW GUZIK, ESQ.**
3   Nevada Bar No. 12758
    **HOMERO GONZALEZ, ESQ.**
4   Nevada Bar No. 15231
    **BRANDON | SMERBER LAW FIRM**
5   139 East Warm Springs
    Las Vegas, Nevada 89119
6   (702) 380-0007
    (702) 380-2964 – *facsimile*
7   *l.brandon@bsnv.law*
    *a.guzik@bsnv.law*
8   *h.gonzalez@bsnv.law*
    *Attorneys for Defendant,*
9   *99 CENTS ONLY STORES LLC*

10

11

12                                    **DISTRICT COURT**
                                  **CLARK COUNTY, NEVADA**
13
      DAMON DUPREE MILLER,
14
             Plaintiff,                          CASE NO.:  A-21-829127-C
15                                               DEPT. NO.: 21
      v.
16
      99 CENTS ONLY STORES, LLC; DOE
17    EMPLOYEES I through XXX, inclusive; and
      DOE MAINTENANCE/CUSTODIAL
18    COMPANIES I through XXX, inclusive,
19
             Defendants.
20

21                         **DEMAND FOR JURY TRIAL**

22          COMES NOW, Defendant 99 CENTS ONLY STORES, LLC, by and through its

23   attorneys of record, LEW BRANDON, JR., ESQ., ANDREW GUZIK, ESQ., and HOMERO

24   GONZALEZ, ESQ., of the BRANDON | SMERBER LAW FIRM, and hereby demands a Jury

25   ///

26   ///

27   ///

28

Trial in the above-entitled action.

DATED this 12th day of February, 2021.

BRANDON | SMERBER LAW FIRM

*/s/ Lew Brandon, Jr., Esq.*
**LEW BRANDON, JR., ESQ.**
Nevada Bar No. 5880
**ANDREW GUZIK, ESQ.**
Nevada Bar No. 12758
**HOMERO GONZALEZ, ESQ.**
Nevada Bar No. 15231
139 East Warm Springs Road
Las Vegas, Nevada 89119
*Attorneys for Defendant,*
*99 CENTS ONLY STORES LLC*

## CERTIFICATE OF SERVICE

Pursuant to Nev. R. Civ. P. 5(b), I certify that on February 12, 2021, I served a true and correct copy of the foregoing **DEMAND FOR JURY TRIAL** through the Court's ECF electronic filing system, upon the following:

**RAMZY P. LADAH, ESQ.**
Nevada Bar No. 11405
**JOSEPH C. CHU, ESQ.**
Nevada Bar No. 11082
**LADAH LAW FIRM**
517 S. Third Street
Las Vegas, Nevada 89101
(702) 252-0055
(702) 248-0055 / Facsimile
litigation@ladahlaw.com
*Attorneys for Plaintiff,*
*DAMON DUPREE MILLER*

*/s/ Bonita Alexander*
An Employee of BRANDON | SMERBER LAW FIRM

BRANDON | SMERBER
LAW FIRM

139 E. WARM SPRINGS RD.
LAS VEGAS, NEVADA 89119
T: 702.380.0007 | F: 702.380.2964

Electronically Filed
2/12/2021 4:29 PM
Steven D. Grierson
CLERK OF THE COURT

CSRE
**LEW BRANDON, JR., ESQ.**
Nevada Bar No.: 5880
**ANDREW GUZIK, ESQ.**
Nevada Bar No. 12758
**HOMERO GONZALEZ, ESQ.**
Nevada Bar No. 15231
**BRANDON | SMERBER LAW FIRM**
139 East Warm Springs
Las Vegas, Nevada 89119
(702) 380-0007
(702) 380-2964 – *facsimile*
*l.brandon@bsnv.law*
*a.guzik@bsnv.law*
*h.gonzalez@bsnv.law*
*Attorneys for Defendant,*
*99 CENTS ONLY STORES LLC*

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

DAMON DUPREE MILLER,

    Plaintiff,

v.

99 CENTS ONLY STORES, LLC; DOE
EMPLOYEES I through XXX, inclusive; and
DOE MAINTENANCE/CUSTODIAL
COMPANIES I through XXX, inclusive,

    Defendants.

CASE NO.:  A-21-829127-C
DEPT. NO.: 21

**CONSENT TO SERVICE BY ELECTRONIC MEANS**
**THROUGH E-FILING PROGRAM**

    The undersigned parties hereby consent to service of documents by electronic means through the Court's E-filing program on behalf of the following parties: 99 CENTS ONLY STORES, LLC.

    Documents served by electronic means must be transmitted to the following persons at the e-mail addresses listed: l.brandon@bsnv.law; a.guzik@bsnv.law; and h.gonzalez@bsnv.law.

It is my understanding that the attachments may be transmitted to the program in any format and will be converted to a PDF file before service is effected.

The undersigned also acknowledges that this Consent does not require service by electronic means unless the serving party elects to do so.

DATED this 12th day of February, 2021.

BRANDON | SMERBER LAW FIRM

*/s/ Lew Brandon, Jr., Esq.*
**LEW BRANDON, JR., ESQ.**
Nevada Bar No. 5880
**ANDREW GUZIK, ESQ.**
Nevada Bar No. 12758
**HOMERO GONZALEZ, ESQ.**
Nevada Bar No. 15231
139 East Warm Springs Road
Las Vegas, Nevada 89119
*Attorneys for Defendant,*
*99 CENTS ONLY STORES, LLC*

///
///
///
///
///
///
///
///
///
///
///

## CERTIFICATE OF SERVICE

Pursuant to Nev. R. Civ. P. 5(b), I certify that on February 12, 2021, I served a true and correct copy of the foregoing **CONSENT TO SERVICE BY ELECTRONIC MEANS THROUGH E-FILING PROGRAM** through the Court's ECF electronic filing system, upon the following:

**RAMZY P. LADAH, ESQ.**
Nevada Bar No. 11405
**JOSEPH C. CHU, ESQ.**
Nevada Bar No. 11082
**LADAH LAW FIRM**
517 S. Third Street
Las Vegas, Nevada 89101
(702) 252-0055
(702) 248-0055 / Facsimile
*litigation@ladahlaw.com*
*Attorneys for Plaintiff,*
*DAMON DUPREE MILLER*

*/s/ Bonita Alexander*
An Employee of BRANDON | SMERBER LAW FIRM

Electronically Filed
2/12/2021 4:30 PM
Steven D. Grierson
CLERK OF THE COURT

1    **DSST**
**LEW BRANDON, JR., ESQ.**
2    Nevada Bar No.: 5880
**ANDREW GUZIK, ESQ.**
3    Nevada Bar No. 12758
**HOMERO GONZALEZ, ESQ.**
4    Nevada Bar No. 15231
**BRANDON | SMERBER LAW FIRM**
5    139 East Warm Springs
Las Vegas, Nevada 89119
6    (702) 380-0007
(702) 380-2964 – *facsimile*
7    *l.brandon@bsnv.law*
*a.guzik@bsnv.law*
8    *h.gonzalez@bsnv.law*
*Attorneys for Defendant,*
9    *99 CENTS ONLY STORES LLC*

10

11                          **DISTRICT COURT**
                      **CLARK COUNTY, NEVADA**
12

13   DAMON DUPREE MILLER,

14        Plaintiff,                        CASE NO.:  A-21-829127-C
                                            DEPT. NO.: 21
15   v.

16   99 CENTS ONLY STORES, LLC; DOE
     EMPLOYEES I through XXX, inclusive; and
17   DOE MAINTENANCE/CUSTODIAL
     COMPANIES I through XXX, inclusive,
18

19        Defendants.

20

21            **DISCLOSURE STATEMENT PURSUANT TO NRCP 7.1**

22        The undersigned counsel of record for Defendant, 99 CENTS ONLY STORES, LLC,

23   hereby certifies that to their knowledge, Defendant, 99 CENTS ONLY STORES, LLC, is a

24   limited liability company with no publicly held company owning ten percent (10%) or more of

25   99 CENTS ONLY STORES, LLC.

26

27

28

There are no other known interested parties other than those identified.

DATED this 12th day of February, 2021.

**BRANDON | SMERBER LAW FIRM**

*/s/ Lew Brandon, Jr. Esq.*
**LEW BRANDON, JR., ESQ.**
Nevada Bar No. 5880
**ANDREW GUZIK, ESQ.**
Nevada Bar No. 12758
**HOMERO GONZALEZ, ESQ.**
Nevada Bar No. 15231
139 E. Warm Springs Road
Las Vegas, Nevada 89119
*Attorneys for Defendant,*
*99 CENTS ONLY STORES, LLC.*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2021, I served a copy of the foregoing **DISCLOSURE STATEMENT PURSUANT TO NRCP 7.1** through the Court's ECF electronic filing system, upon the following:

**RAMZY P. LADAH, ESQ.**
Nevada Bar No. 11405
**JOSEPH C. CHU, ESQ.**
Nevada Bar No. 11082
**LADAH LAW FIRM**
517 S. Third Street
Las Vegas, Nevada 89101
(702) 252-0055
(702) 248-0055 / Facsimile
*litigation@ladahlaw.com*
*Attorneys for Plaintiff,*
*DAMON DUPREE MILLER*

*/s/ Bonita Alexander*
An Employee of Brandon | Smerber Law Firm

Electronically Filed
2/12/2021 4:32 PM
Steven D. Grierson
CLERK OF THE COURT

1   REQT
    **LEW BRANDON, JR., ESQ.**
2   Nevada Bar No.: 5880
    **ANDREW GUZIK, ESQ.**
3   Nevada Bar No. 12758
    **HOMERO GONZALEZ, ESQ.**
4   Nevada Bar No. 15231
    **BRANDON | SMERBER LAW FIRM**
5   139 East Warm Springs
    Las Vegas, Nevada 89119
6   (702) 380-0007
    (702) 380-2964 – *facsimile*
7   *l.brandon@bsnv.law*
    *a.guzik@bsnv.law*
8   *h.gonzalez@bsnv.law*
    *Attorneys for Defendant,*
9   *99 CENTS ONLY STORES LLC*
10

*139 E. WARM SPRINGS RD.
LAS VEGAS, NEVADA 89119
T: 702.380.0007 | F: 702.380.2964*

**BRANDON | SMERBER
LAW FIRM**

11
                        **DISTRICT COURT**
12                    **CLARK COUNTY, NEVADA**
13  DAMON DUPREE MILLER,
14      Plaintiff,
                                        CASE NO.:  A-21-829127-C
15  v.                                  DEPT. NO.: 21
16
17  99 CENTS ONLY STORES, LLC; DOE
    EMPLOYEES I through XXX, inclusive; and
18  DOE MAINTENANCE/CUSTODIAL
    COMPANIES I through XXX, inclusive,
19
20      Defendants.
21      **NRCP 16.1(a)(1)(C) REQUEST FOR COMPUTATION OF DAMAGES AND
        DISCLOSURE OF SUPPORTING DOCUMENTS AND NRCP 16.1(a)(1)(A)(iii)
22      <u>REQUEST FOR MEDICAL PROVIDER IDENTITY</u>**
23
            Pursuant to NRCP 16.1(a)(1)(C), Defendant 99 CENTS ONLY STORES, LLC, hereby
24
25  requests that Plaintiff, DAMON DUPREE MILLER, provide within thirty (30) days of this
26  Request, computation of any and all categories of damages claimed by Plaintiff, including making
27  available for inspection and copying as under Rule 34, the documents or other evidentiary matter
28

not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

DATED this 12ᵗʰ day of February, 2021.

BRANDON | SMERBER LAW FIRM

/s/ Lew Brandon, Jr., Esq.
**LEW BRANDON, JR., ESQ.**
Nevada Bar No. 5880
**ANDREW GUZIK, ESQ.**
Nevada Bar No. 12758
**HOMERO GONZALEZ, ESQ.**
Nevada Bar No. 15231
139 East Warm Springs Road
Las Vegas, Nevada 89119
*Attorneys for Defendant,*
*99 CENTS ONLY STORES, LLC*

## CERTIFICATE OF SERVICE

Pursuant to Nev. R. Civ. P. 5(b), I certify that on February 12, 2021, I served a true and correct copy of the foregoing **NRCP 16.1(a)(1)(C) REQUEST FOR COMPUTATION OF DAMAGES AND DISCLOSURE OF SUPPORTING DOCUMENTS AND NRCP 16.1(a)(1)(A)(iii) REQUEST FOR MEDICAL PROVIDER IDENTITY** through the Court's ECF electronic filing system, upon the following:

**RAMZY P. LADAH, ESQ.**
Nevada Bar No. 11405
**JOSEPH C. CHU, ESQ.**
Nevada Bar No. 11082
**LADAH LAW FIRM**
517 S. Third Street
Las Vegas, Nevada 89101
(702) 252-0055
(702) 248-0055 / Facsimile
litigation@ladahlaw.com
*Attorneys for Plaintiff,*
*DAMON DUPREE MILLER*

/s/ Bonita Alexander
An Employee of BRANDON | SMERBER LAW FIRM

**AFFIDAVIT OF SERVICE**

Electronically Filed
2/16/2021 6:29 AM
Steven D. Grierson
CLERK OF THE COURT

| Case:<br>A-21-829127-C | Court:<br>EIGHTH JUDICIAL DISTRICT COURT | County:<br>CLARK COUNTY, NV | Job: |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Damon Dupree Miller | | Defendant / Respondent:<br>99 Cents Only Store, LLC; DOE EMPLOYEES I through XXX, inclusive; and DOE MAINTENANCE/CUSTODIAL COMPANIES I through XXX, inclusive | |
| Received by:<br>Serve Vegas LLC | | For:<br>Ladah Law | |
| To be served upon:<br>99 Cents Only Store, LLC | | | |

I, Richard Reese , being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| Recipient Name / Address: | DANIELLE NAKI , Corporate: 701 S Carson St #200, Carson City, NV 89701 |
|---|---|
| Manner of Service: | Registered Agent, Feb 10, 2021, 2:15 pm PST |
| Documents: | Complaint, Summons |

Additional Comments:
1) Successful Attempt: Feb 10, 2021, 2:15 pm PST at Corporate: 701 S Carson St #200, Carson City, NV 89701 received by DANIELLE NAKI .
Age: 34; Ethnicity: Caucasian; Gender: Female; Weight: 180; Height: 5'6"; Hair: Brown; Eyes: Brown;
Pursuant to NRS 14.020 Documents were served by leaving a true copy, with the person stated above, who is a person of suitable age and discretion at the most recent address of the registered agent shown on the information filed with the Secretary of State.

I declare under penalty of perjury that the foregoing is true and correct.

_____     02/10/2021
Richard Reese                        **Date**
PILB#1505

Serve Vegas LLC
9811 W. Charleston Blvd 2-732
Las Vegas, NV 89117
775-720-2620

Electronically Filed
2/23/2021 4:03 PM
Steven D. Grierson
CLERK OF THE COURT

1 | **ABREA**
**RAMZY P. LADAH**
2 | Nevada Bar No. 11405
**JOSEPH C. CHU**
3 | Nevada Bar No. 11082
**LADAH LAW FIRM**
4 | 517 S. Third Street
Las Vegas, NV 89101
5 | litigation@ladahlaw.com
T: 702.252.0055
6 | F: 702.248.0055
*Attorneys for Plaintiff*
7 |
8 | **DISTRICT COURT**
9 | **CLARK COUNTY, NEVADA**

10 | DAMON DUPREE MILLER,

11 | Plaintiff, | CASE NO.  A-21-829127-C

12 | vs. | DEPT. NO. XXI

13 | 99 CENTS ONLY STORES, LLC; DOE | **PLAINTIFF'S REQUEST FOR**
EMPLOYEES I through XXX, inclusive; and | **EXEMPTION FROM ARBITRATION**
14 | DOE MAINTENANCE/CUSTODIAL
COMPANIES I through XXX, inclusive,
15 |
16 | Defendants.

17 |     **COMES NOW**, Plaintiff, DAMON DUPREE MILLER, by and through his attorney of
18 | record, JOSEPH C. CHU, ESQ., of the LADAH LAW FIRM, and hereby requests that the above-
19 | entitled matter be exempted from arbitration pursuant to Nevada Arbitration Rules 3 and 5, as this case
20 | involves an amount in issue in excess of $50,000, exclusive of interest and costs.
21 |
22 |     A summary of the facts which support Plaintiff's Request for Exemption are as follows:
23 |     On or about May 6, 2020, Plaintiff, who was a business invitee at the subject premises,
24 | was walking upon the public walkways of the subject premises when he unknowingly came upon
25 | a foreign liquid substance on the premises' floor, causing him to slip and fall to the ground and
26 | sustain serious bodily injuries.
27 |     Plaintiff sustained injuries as a result of Defendant's actions and the aforesaid incident.
28 |

200280

1    The Plaintiff initially sought treatment at Fine Chiropractic Center and with his primary care
2    provider, Forte Family Practice.  Plaintiff's counsel does not yet had those records.

3    He was however, referred for X-rays, which were taken on May 19, 2020 at Simon Med and
4    MRI's of the lumbar spine, sacrum and left knee performed on June 17, 2020 at Las Vegas
5    Radiology at the referral of Dr. Kathleen Smith.

6    The Plaintiff presented to Dr. John Dimuro of DiMuro Professional Services on July 16,
7    2020.  He informed Dr. DiMuro that after the slip and fall of May 6, 2020, he sought chiropractic
8    treatment but today wanted to discuss pain management. After examination and review of the
9    imaging, Dr. DiMuro recommended an orthopedic surgeon evaluation for the left knee, and an
10   epidural steroid injection in the lumbar spine for his disc displacement and radicular pain.  A
11   prescription for oxycodone was issued.

12   He returned to Dr. Dimuro on July 22, 2020 and informed that he had an orthopedic consult
13   scheduled for July 29.  He requested a refill of his oxycodone

14   The Plaintiff consulted with PA-C Leticha Leos on July 29, 2020 day regarding his lumbar
15   pain with radiating pain going down his lower left leg. Chiropractic treatment had not been helpful.
16   In office x-rays were taken of the sacrum and lumbar spine. Recommendations were made that the
17   Plaintiff continue the present chiropractic and medication regimen.

18   He subsequently presented to Dr. Timothy Trainor at Advanced Orthopedics & Sports
19   Medicine after his consultation to address his complaints of left knee pain. Dr. Trainor reviewed the
20   knee x-rays and MRI and noted a complex tear of posterior horn medial meniscus, among other
21   issues.  Treatment options were discussed, including physical therapy, bracing, cortisone injection
22   Visco supplement injection, PRP injection and surgical intervention of a knee arthroscopy versus
23   knee replacement.   The Plaintiff elected to proceed with a cortisone injection, followed by
24   arthroscopy.

25   At his August 5, 2020 visit with Dr. Dimuro, he informed him that he was going to schedule
26   Knee surgery and that he had discussed spine surgery with the orthopedic as well.  His prescription
27   was refilled.

28

2

The Plaintiff received medication refills from Dr. Dimuro on September 2, 2020, September 28, 2020.

The left knee arthroscopy was performed at Durango Surgery Center on September 3, 2020.

On October 2, 2020, Dr. DiMuro performed transforaminal epidural steroid injections bilaterally at L4-L5 and L5-S1.

He returned for a follow up visit on October 28, 2020 and stated that although the injection had helped significantly, the pain had slowly started to return in both his back and his left knee.  He was attending physical therapy. His prescription was refilled.

The Plaintiff next returned on November 18, 2020 and stated that spinal surgery had been recommended. His prescription was refilled.

The Plaintiff returned to Advanced Orthopedics & Sports Medicine on January 25, 2021 where he was examined by PA-C Adam Range.  His complaints were of continued left knee pain. A steroid injection was suggested and subsequently administered.

On January 27, 2021, he again returned to Dr. DiMuro and reported that he was still attending physical therapy. The Plaintiff further reported that he had seen the orthopedic doctor on January 25.  His main complaint was of low back pain, radiating down his legs with numbness in his toe.  He requested a medication refill and stated that he should be undergoing lumbar surgery in the near future.

The following is a list of Plaintiff's post-injury medical specials incurred to date of which Plaintiff's counsel is aware:

| | |
|---|---|
| Forte Family Practice | TBD |
| Cameron Medical Center | TBD |
| Fine Chriopractic Center | TBD |
| Advanced Orthopedics & Sports Medicine | TBD |
| Sports Plus Physical Therapy | TBD |
| Las Vegas Radiology | $4,950.00 |
| DiMuro Pain Management | $14,860.00 |
| Durango Outpatient Surgery Center | $25,368.00 |
| Red Rock Anesthesia Company | $4,500.00 |
| Simon Med Imaging | $535.50 |
| Las Vegas Pharmacy | $4,052.33 |
| **Total Past Medical Specials** | **$54,265.83+** |

Plaintiff's general damages are in an amount well in excess of $50,000 and will be determined at trial.

As is evidenced by the serious injuries diagnosed by Plaintiff's healthcare providers, together with the significant past and anticipated future medical expenses incurred by Plaintiff, this case clearly has a probable jury award value well in excess of $50,000.  Accordingly, and pursuant to NAR 3, this matter is appropriately exempted from the Court Annexed Arbitration Program. Further, this request for exemption is timely filed pursuant to the requirements set forth in NAR 5.

Based upon the foregoing, Plaintiff's undersigned counsel certifies pursuant to NRCP Rule 11, this case to be within the exemption marked above, and is aware of the sanctions which may be imposed against any attorney or party who without good cause or justification attempts to remove a case from the Arbitration Program.

**DATED** this 23rd day of February, 2021.

**LADAH LAW FIRM**

*/s/ Joseph C. Chu, Esq.*

**RAMZY P. LADAH**
Nevada Bar No. 11405
**JOSEPH C. CHU**
Nevada Bar No. 11082
517 S. Third Street
Las Vegas, NV 89101
*Attorneys for Plaintiff*

4

1

## CERTIFICATE OF SERVICE

2      Pursuant to NRCP 5(b), on this 23rd day of February, 2021, a true and complete copy of

3   **PLAINTIFF'S REQUEST FOR EXEMPTION FROM ARBITRATION** was served on the

4   following interested parties by the action(s) indicated below:

5

6                                   Lew Brandon, Jr, Esq.
                                    Andrew Guzik, Esq.
7                                   Homero Gonzalez, Esq.
                                  *BRANDON SMERBER LAW FIRM*
8                                   139 East Warm Springs
                                    Las Vegas, Nevada 89119
9                                   Attorney for Defendant

10

11   Method of Service

12   ☒   **Electronic Service:** I caused said document to be delivered by electronic means upon all eligible
         electronic recipients via the United States District Court CM/ECF system or Clark County
13       District Court E-Filing system (wiznet)

14

15                                                 _/s/ Mary Ann Payne_
                                                   An employee of Ladah Law Firm

16

17

18

19

20

21

22

23

24

25

26

27

28

5